KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 4:15-cr-00023-SAO |
|---|---|---|
| Plaintiff, | ) ) | COUNTS 1-2: |
| | ) | VIOLATION OF THE LACEY ACT |
| vs. | ) | Vio. of 16 U.S.C. § 3372(a)(2)(A) and |
| | ) | 16 U.S.C. § 3373(d)(1)(B) |
| CLARK W. DIXON, | ) | |
| | ) | CRIMINAL FORFEITURE |
| Defendant. | ) | ALLEGATION |
| | ) | Vio. 16 U.S.C. § 3374(a)(2 |

S U P E R S E D I N G   I N F O R M A T I O N

The United States Attorney charges that:

GENERAL ALLEGATIONS

1. The Noatak National Preserve lies south of the Brooks Range and encompasses approximately 6.7 million acres. The Noatak National Preserve was declared a National Preserve in December, 1980. Due to its remoteness, pristine habitat and wildlife populations, the Noatak Basin, which is encompassed by the Noatak National Preserve is a designated UNESCO International Biosphere Reserve.

2. Hunting is permitted in the Noatak National Preserve and all hunters are required to follow state and federal regulations. At all times relevant to this Information the Alaska Department of Fish and Game (ADFG) designated the Noatak National Preserve as being within Game Management Unit (GMU) 23.

3. At all times relevant to this Information, any non-Alaska resident hunter intending to hunt brown bear or moose within GMU 23 were required to apply for and receive a draw permit from ADFG.

4. Hunters holding hunting licenses, permits and associated big game tags are required to accurately and truthfully report specific hunt information on big game animals they hunted for and/or killed to ADFG.

5. The Kugururok River, a tributary of the Noatak River, lies entirely within the confines of the Noatak National Preserve.

6. The Kelly River, a tributary of the Noatak River, lies entirely within the confines of the Noatak National Preserve.

7. Defendant CLARK W. DIXON is a resident of Mississippi and a featured hunting personality on the cable hunting show "*The Syndicate*".

8. Uncharged Co-defendant A is a resident of Mississippi.

9. Uncharged Co-defendant B is a resident of Alaska.

### RELEVANT LAW AND REGULATIONS

10. Section 3372(a)(1) of the Lacey Act makes it unlawful for any person to transport, sell, receive, acquire, or purchase any wildlife taken, possessed, transported or sold in violation of any law, treaty, or regulation of the United States.

11. Section 3372(a)(2)(A) of the Lacey Act makes it unlawful for any person to transport in interstate commerce, any wildlife taken in violation of any law or regulation of any State.

12. Section 3372(c)(1) of the Lacey Act states it is deemed to be a sale of wildlife in violation of this chapter for a person for money or other consideration offers or provides guiding, outfitting or other services.

13. Section 3372(c)(2) of the Lacey Act states it is deemed to be a purchase of wildlife in violation of this chapter for a person to obtain for money or other consideration guiding, outfitting or other services.

14. Section 3372(d)(2) of the Lacey Act make it unlawful for any person to make or submit any false record, account, or label for any fish, wildlife, or plant which has been, or is intended to be, transported in interstate commerce.

15. Title 36, Code of Federal Regulations 5.3 makes it unlawful to engage in or solicit any business on lands administered by the National Park Service without a permit.

16. Title 36, Code of Federal Regulations 5.5(a) makes it unlawful to film any television production on lands administered by the National Park Service which involves the use of professional casts, settings, or crew without first obtaining written permission from the Superintendent in accordance with the provisions of the special regulations contained in part 5, subtitle A, title 43, Code of Federal Regulations.

17. Title 43, Code of Federal Regulations 5.1(a) makes it unlawful to make a television production on an area administered by the National Park Service by any person

other than amateur or bona fide newsreel and news television photographers and soundmen, unless written permission has been obtained from the National Park Service.

18.     Title 36, Code of Federal Regulations 13.40(d)(2) makes it unlawful to hunt on a national preserve in violation of either Federal or non-conflicting State laws or regulations.

State of Alaska Laws and Regulations

19.     Alaska Statute Title 8, Chapter 54.720(a)(9) states it is unlawful for a person without a current registered guide-outfitter license to knowingly guide or represent to be a registered guide-outfitter.

20.     Alaska Statute Title 11, Chapter 56.210 states a person commits the crime of unsworn falsification if, with the intent to mislead a public servant in the performance of a duty, the person submits a false written or recorded statement which the person does not believe to be true, (1) in an application for a benefit or, (2) on a form bearing notice, authorized by law, that false statements made in it are punishable, i.e. a hunting license, bear sealing certificate, furbearer sealing certificate, big game tag record.

21.     Alaska Statute Title 16, Chapter 5.330(a)(2) makes it unlawful for a person to hunt without having the appropriate license or tag in actual possession.

22.     Alaska Statute Title 16, Chapter 5.340(a)(15) makes it unlawful for a nonresident to take a big game animal without previously purchasing a numbered, non-transferable, appropriate tag issued under this paragraph.  The tag must be affixed to the animal immediately upon capture and must remain affixed until the animal is prepared for storage, consumed or exported.

23. Alaska Statute Title 16, Chapter 5.407(a) requires that a non-resident hunter be accompanied by a registered big game guide or a relative who is related to the non-resident hunter within and including the second degree of kindred, by marriage or blood in order to hunt brown bear.

24. Alaska Statute Title 16, Chapter 5.420(a) states a false statement of a material fact in an application for a license, tag, or permit voids the license, tag, or permit for which the application is made.

25. Alaska Statute Title 16, Chapter 5.420(c) makes it unlawful for a person to whom a license or tag has been issued to loan or transfer the license or tag. A person may not use a license or tag that has been issued to another person.

26. Title 5, Alaska Administrative Code, Chapter 92.085(8) prohibits hunting for big game the same day airborne.

27. Title 5, Alaska Administrative Code, Chapter 92.140(a) makes it unlawful to possess, transport, give, receive, or barter game or parts of game that the person knows or should know were taken in violation of Alaska Statute Title 16 or a regulation adopted under Alaska Statute Title 16.

28. In order to lawfully hunt brown bear and bull moose in GMU 23, a non-resident hunter would be required to possess the appropriate ADFG draw permits as well as purchasing the appropriate big game tags from ADFG.

29. With respect to Count 1 of the Information, CLARK W. DIXON, falsely filed with the Alaska Department of Fish and Game, and through un-charged co-defendant A, the taking of a brown bear by him (CLARK W. DIXON) as second degree

of kindred to uncharged Co-defendant A when in truth and fact the brown bear was killed by uncharged Co-defendant B. CLARK W. DIXON did so while fraudulently claiming to be a resident of the state of Alaska, when, in truth and fact, CLARK W. DIXON is a resident of the state of Mississippi. In addition, CLARK W. DIXON permitted, and received compensation for the hunt from uncharged Co-defendant B, who was also a resident of the state of Mississippi. CLARK W. DIXON was not a registered big game guide. In addition, uncharged Co-defendant B killed the bear the same day he was airborne, without the appropriate ADFG brown bear draw permit and without the required non-resident brown bear tag.

30. With respect to Count 2 of this information, and for a period of years, CLARK W. DIXON permitted uncharged co-Defendant A to use his personal aircraft to unlawfully transport non-resident hunters to and from the field and to transport their unlawfully taken game out of the field. In addition, CLARK W. DIXON unlawfully outfitted non-resident hunters for money or other consideration with the purpose of facilitating the recording of video footage for uncharged CLARK W. DIXON'S cable television hunting show *The Syndicate*. All of CLARK W. DIXON'S Alaska hunts, including, but not limited to those featured on *The Syndicate* from 2011 to the present, were conducted illegally. Each Alaska hunt, depicted on *The Syndicate*, falsely portrayed, due to selective editing or other means, the apparently legal take of Alaska big game when in truth in fact all of the Alaska big game animals documented on *The Syndicate* were illegally killed.

## COUNT 1

31. Paragraphs 1-30 are incorporated herein.

32. On or about September 13, 2010, in the Kugururok River drainage, within the Noatak National Preserve, in the State and District of Alaska, CLARK W. DIXON did transport in interstate commerce wildlife with a market value in excess of $350, to wit, one brown bear, which CLARK W. DIXON knew was taken, possessed and transported in violation of Alaska state laws, in that uncharged Co-defendant B, a resident of Mississippi, killed the bear without being accompanied by a registered big game guide, the same day he was airborne, and without possessing the appropriate ADFG draw permit or the required brown bear tag and while being guided by CLARK W. DIXON, who was not an Alaska resident.

33. All in violation of Alaska Statute Title 16, Chapter 5.330(a)(2) (no tag in possession), Alaska Statute Title 16, Chapter 5.340(a)(15) (failure to purchase non-resident tag) and Alaska Statute Title 16, Chapter 5.407(a) (not accompanied by a registered guide), Alaska Statute Title 16, Chapter 5.420(c) (using a state of Alaska big game tag issued to another) and Title 5, Alaska Administrative Code Chapter 92.085(a) (same day airborne) and all in violation of Title 16, United States Code, §§ 3372(a)(2)(A) and 3373(d)(1)(b).

## COUNT 2

34. Paragraphs 1-30 are incorporated herein.

35. From a period beginning on or about September 1, 2008 continuing to on or about September 30, 2013, within the Noatak National Preserve, in the State and District

of Alaska and elsewhere, CLARK W. DIXON, in coordination with uncharged Co-Defendant A, did knowingly transport and outfit non-resident hunters for the illegal take of wildlife with a market value in excess of $350.00, to wit, brown bear, moose, Dall sheep and caribou, in violation of Alaska Statute Title 8, Chapter 54.720(a)(9) (guide/outfit without guide license), Alaska Statute Title 16, Chapter 5.330(a)(2) (no tag in possession), Alaska Statute Title 16, Chapter 5.340(a)(15) (failure to purchase non-resident tag), Alaska Statute Title 16, Chapter 5.407(a) (not accompanied by a registered guide), Alaska Statute Title 16, Chapter 5.420(c) (using a state of Alaska big game tag issued to another) and Title 5, Alaska Administrative Code, Chapter 92.085(a) (same day airborne), all in violation of Title 16, United States Code, §§ 3372(a)(2)(A) and 3373(d)(1)(B).

## CRIMINAL FORFEITURE

Upon conviction of Count 2 of this Information, defendant CLARK W. DIXON shall forfeit to the United States, pursuant to 16 U.S.C. § 3374(a)(2), all aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing wildlife in a criminal violation of this Act for which a felony conviction is obtained, including but not limited to the following:

One Stol Quest SQ-4 aircraft (tail number N338X) including its contents, and all accessories and appurtenances thereto, including without limitation all log book(s), certificates of registration and insurance, and any and all documents evidencing. sale, purchase, transfer, and ownership of the aircraft.

DATED this 18th day of September, 2015, at Anchorage, Alaska.

           KAREN L. LOEFFLER
           United States Attorney

           s/ Steven E. Skrocki
           STEVEN E. SKROCKI
           Assistant U.S. Attorney